IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PACTIV LLC, | |
| Plaintiff | Case No. 20-cv-01296 |
| v. | Judge Mary M. Rowland |
| MICHAEL PEREZ, | |
| Defendant. | |

### MEMORANDUM OPINION AND ORDER

Pactiv LLC ("Pactiv"), sues its former employee, Michael Perez ("Perez"), for breach of contract and fraudulent inducement to contract through misrepresentation. Perez has filed a motion to dismiss Pactiv's First Amended Complaint. (Dkt. 27). For reasons stated herein, Defendant's motion to dismiss is denied.

### BACKGROUND

#### I. The Court's Prior Opinion

Pactiv initiated this matter on February 21, 2020 in a two-count complaint relying on an Employment Agreement between Pactiv and Perez. On December 20, 2020 this Court granted Perez's motion to dismiss finding: (a) California law would prohibit the enforcement of the Employment Agreement; and (b) Pactiv failed to state a fraudulent misrepresentation claim. (Dkt. 24, "Original Order"). The court dismissed both claims without prejudice and permitted Pactiv to file an amended complaint.[1] Perez now moves to dismiss Pactiv's two-count amended complaint.

---

[1] Perez argues Pactiv should not be permitted to file a renewed breach of contract. (Dkt. 27, ¶3). This Court disagrees. *See* Dkt. 24 ("Pactiv is granted leave to amend consistent with this opinion by 1/8/21.")

1

## II. Amended Complaint

The following factual allegations are taken from the First Amended Complaint (Dkt. 25) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Pactiv is an Illinois limited liability company that manufactures food containers. (Dkt. 25, ¶ 8). Michael Perez worked for Pactiv in various roles for 29 years and spent the last 12 years managing one of its California factories. During that time, he lived in Bakersfield, California. In 2008, Perez was promoted to plant manager. This was a position he held until November 4, 2019 when his employment was terminated. (*Id.* at ¶ 12). Less than a week after his termination, Perez initiated correspondence with Pactiv regarding a potential severance package. (*Id.* at ¶ 16). During these negotiations, Pactiv alleges that Perez knowingly sought a job at Dart Container Corporation ("Dart"). (*Id.* at ¶ 17). After negotiations, Pactiv and Perez executed a "Separation Agreement and Release of All Claims" ("Separation Agreement"). (*Id.* at ¶ 18; *see also* Dkt. 25, Exh. B). The Separation Agreement provided Perez $90,000 in severance pay in exchange for multiple clauses Perez was required to follow. The Separation Agreement specifically required Perez to "notify [Pactiv] upon acceptance of employment or the establishment of Perez's own business venture," among

---

The Complaint was dismissed without prejudice, which generally does not eliminate a plaintiff's right to amend once as a matter of right. *See Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995); *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed.") The original complaint relied on an employment agreement from 2008, Pactiv's decision to rely on a more current Separation Agreement is perfectly proper.

requirements for confidentiality of information gained during his employment, the terms of his separation from the company and a general release. (Dkt. 25, Exh. B). Finally, the Separation Agreement specified that Illinois law would govern disputes.[2]

Pactiv asserts that during negotiations Perez was offered and accepted employment with Dart without giving proper notification to Pactiv, thereby violating §10 of the Separation Agreement which required Perez to disclose the acceptance of employment. (Dkt. 25, ¶29).[3] The Complaint further alleges Perez was aware, knowingly withheld, and actively concealed information of an employment offer from Dart when negotiating and signing the Separation Agreement, and Pactiv relied on this information during negotiations. (*Id.* at ¶¶33-35). Pactiv alleges that if it was aware of Perez's employment offer, it would not have entered into the Separation Agreement. Perez contends that he did not truly accept a job offer from Dart until a day after he signed the Separation Agreement. (*Id.* at ¶35). Count One of the first amended complaint alleges Perez violated the Separation Agreement. Count Two alleges that Perez's failure to disclose his application and acceptance of employment with Dart during the Separation Agreement negotiations amounted to misrepresentation and fraudulent inducement.

---

[2] §18 of the Separation Agreement reads as follows: "This Agreement is made and entered into in the State of Illinois and in all respects the rights and obligations of the parties will be interpreted, enforced and governed in accordance with the laws of the State of Illinois without regard to the principles of conflict of laws."

[3] *See* Dkt. 25, Exh. B, §10 "Duty to Notify Company. Employee will notify Company upon acceptance of employment or the establishment of Employee's own business venture."

## ANALYSIS

**I.     Standard**

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671

F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

## II. Choice of Law

Federal Courts exercising diversity jurisdiction apply the choice-of-law rules of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941). Illinois follows the Second Restatement of Conflict of Laws and will generally honor the choice-of-law provisions in a contract unless: "(1) the chosen state has no substantial relationship to the parties or the transaction; or (2) application of the chosen law would be contrary to a fundamental public policy of a state with a materially greater interest in the issue in dispute." *Brown and Brown, Inc. v. Mudron*, 887 N.E.2d 437, 439–40 (Ill. App. Ct. 2008) (paraphrasing the Second Restatement of Conflict of Laws, § 187). *See also Int'l Surplus Lines Ins. Co. v. Pioneer Life Ins. Co. of Ill.*, 568 N.E.2d 9, 13–14 (Ill. App. Ct. 1990) (when "the contract contains a choice of law provision, section 187 of the Restatement applies"); *Old Republic Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, 906 N.E.2d 630, 636 (Ill. App. Ct. 2009); *Morris B. Chapman & Assocs., Ltd. v. Kitzman*, 739 N.E.2d 1263, 1269 (Ill. 2000) ("Illinois follows the Restatement (Second) of Conflict of Laws (1971) in making choice-of-law decisions"); *Hendricks v. Novae Corporate Underwriting, Ltd.*, 868 F.3d 542, 545 (7th Cir. 2017).

Before performing a conflict of laws analysis, however, the party arguing for a departure from the choice-of-law provision in the contract "bears the burden of demonstrating a conflict, i.e., that there exists a difference in the law that will make

a difference in the outcome." *MiMedx Group, Inc. v. Fox*, No. 16 CV 11715, 2017 WL 3278913, at *2 (N.D. Ill. Aug. 2, 2017); *see also Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 898 (Ill. 2007) ("choice-of-law determination is required only when a difference in law will make a difference in the outcome"). Pactiv asserts that Illinois law applies not only because it is where Pactiv's place of business is and where Pactiv employees engaged in negotiations with Perez, but also because of a choice-of-law provision in the contract stipulating an agreement to Illinois law. (Dkt. 30, 3). Notably, Defendant has not asserted any conflict between California law and Illinois law within a breach of contract claim of the Separation Agreement, nor shown a difference in possible outcomes in its Motion to Dismiss.

Further, the Amended Complaint only raises a breach of contract claim under the Separation Agreement. Perez asserts that the "foundation" for the notice requirement resides in the restrictive covenants that are unenforceable under California law and public policy. (Dkt 28, 7). Given that evidence at this stage in proceedings should be read most favorable to the plaintiff, we disagree. The two contracts were signed 11 years apart (Dkt 30, 6) and Pactiv is no longer relying on the Employment Agreement--its governing law is irrelevant to this suit. Further, the Separation Agreement does not expressly adopt or incorporate the Employment Agreement. It stands on its own in this case. Finally, Illinois law generally favors severing unenforceable provisions out of a contract unless it is "so closely connected" with the rest of the contract that it would be "tantamount to rewriting the agreement." *Abbott-Interfast Corp. v. Harkabus*, 250 Ill. App. 3d 13, 21 (1993). Here,

6

if the Separation Agreement was rewritten without the one sentence referring to restrictive covenants, the Agreement would still be able to stand on its own as a valid agreement with the notice provision in question. In sum, because the parties expressly agreed to be bound by Illinois law in the Separation Agreement and because Perez has failed to overcome the presumption favoring choice-of-law contractual provisions, the Court applies Illinois law.

### III.   Count I – Breach of Contract (Notice Provision)

A plaintiff claiming breach of contract in Illinois must allege: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). In its Amended Complaint, Pactiv claims breach of contract based in a notice provision that requires Perez to inform the company when he accepted new employment. (Dkt 25, Exh. B). Pactiv argues that under the terms of the Separation Agreement, specifically §10, Perez breached his obligation to notify Pactiv while negotiating a severance with Pactiv and thereafter when he accepted employment with Dart. Pactiv seeks damages based, in large part, on the §15 of the Separation Agreement which states that Pactiv can seek equitable relief and "any and all damages that are directly related to the Employee's breach." (*Id.*).

Perez seeks dismissal of Count I for failure to allege a meritorious claim. Perez claims the notice requirement of the contract is "so closely connected" to the restrictive covenants this Court previously found void that violation of the notice

7

provision is not enforceable. Perez also asserts that a breach does not give rise to a remedy under *de minimis non curat lex*. (Dkt. 28, 7). Perez makes no claim that there was not a valid contract nor a lack of substantial performance but alludes to the Separation Agreement not being enforceable because of the Employment Agreement. (*Id.* at 6). As this Court discussed, the Separation Agreement is a valid and enforceable agreement under Illinois law. This Court does not find that the one mention to general restrictive covenants and non-compete agreements in the Separation Agreement is so intertwined that the Separation Agreement is also unenforceable. In fact, the Separation Agreement only acknowledges that other agreements made between Pactiv and Perez are still valid. (Dkt. 25, Exh B., §20). The Notice requirement only obligates Perez to inform Pactiv of his move to a new company. The Separation Agreement also contains a clear severability clause. (*Id.* at §17). Severability clauses are well recognized as valid in Illinois if one portion of a contract is found to be unenforceable. *See Ritchie Capital Management, L.L.C. v. Kermath,* Case No. 15 C 8021, 2017 WL 2378076, at *5 (N.D. Ill. June 1, 2017); *Tranzact Technologies, Ltd. v. Evergreen Partners, Ltd.*, 366 F.3d 542, 548 (7th Cir. 2004). At this stage of the proceedings, there is no basis to dismiss the Amended Complaint's allegation that Perez violated the Notice provision in the Separation Agreement.

Perez asserts that damages caused by the Notice requirement of the Separation Agreement do not give rise to a remedy under the doctrine of *de minimis non curat lex* because on its own, a breach of the Notice requirement did not lead to any

8

damages. (Dkt. 28, 7-8). Perez relies on *People ex rel. Dept. of Public Health v. Wiley*, 218 Ill. 2d 207, 225 n.3 (Ill. Sup. Ct. 2006) to argue "a breach only causing slight harm does not give rise to remedy." *Wiley* is distinguishable, and it is sufficient here that Pactiv asserts the Notice requirement exists for reasons outside of the Employment Agreement, including continued protection of Pactiv's confidential information when employees move companies, thereby causing Pactiv to suffer damages. (Dkt. 30, 7).

Illinois law generally requires "strict compliance with contractual term[s]" and failure to comply with such terms can create a breach with recoverable damages except when such a breach is immaterial. *In re Krueger,* 192 F.3d 733, 742 (7th Cir. 1999) *citing Pacini v. Regopoulous*, 281 Ill.App.3d 274 (1996). Regardless of whether Pactiv suffered harm, Illinois law allows a plaintiff that established a breach to recover at least nominal damages. *Dominion Nutrition, Inc. v. Cesca*, 467 F. Supp. 2d 870 (N.D. Ill. 2006) *citing Hentze v. Unverfehrt*, 604 N.E.2d 536, 540 (1992); Restatement (Second) of Contracts § 346 and comment b (1981) ("Injury is not required for a breach of contract. The victim of such a breach, even if not injured, is entitled to an award of nominal damages."). At this stage, Pactiv "need only allege damages." *Merix Pharm. Corp. v. EMS Acquisition Corp.*, No. 09C5871, 2010 WL 481247 (N.D. Ill. Feb. 4, 2010). Failure to establish them is not a proper basis for dismissal. *Id.* Pactiv has adequately alleged that Perez breached his contract by not expressly informing Pactiv of his new employment and, in viewing facts in the light most favorable to the plaintiff, it is plausible that not notifying Pactiv of his new

employed caused damages to the company. Therefore, Pactiv has adequately pled the necessary elements for a breach of contract claim under Illinois law.

### IV. Count Two - Fraudulent Misrepresentation through Inducement

Pactiv asserts that Perez knowingly concealed his future employment, a material fact to the company engaging in negotiations with Perez, thereby fraudulently inducing Pactiv into agreeing to a $90,000 severance package. (Dkt. 25, ¶¶33-35). The Amended Complaint alleges Perez knew about and accepted the Dart offer before signing the Separation Agreement. (*Id.* at 8; *see also* Dkt. 30, 14). Perez contends that he did not actually accept a job offer from Dart until a few days after he signed his Agreement thereby leaving the misrepresentation claim without merit. (Dkt. 28, 8). At this stage of the proceedings, the Court accepts the allegations in the Amended Complaint as true.

A successful claim of fraudulent misrepresentation requires: (1) a false statement of material fact, (2) made with knowledge that the statement is false, (3) and intent to induce an act, coupled with (4) reliance upon the truth of the statement, and (5) resulting damages. *See Guvenoz v. Target Corp.*, 30 N.E.3d 404, 425 (2015). This Court previously found that Pactiv had met some of the elements of misrepresentation but had not adequately alleged any facts to show Perez engaged in active concealment, a requirement for fraudulent misrepresentation when there is not a direct false statement of material fact, but rather an omission. (Dkt. 24, 16). When providing fraudulent misrepresentation through active concealment, the analysis shifts and the plaintiff must prove: (1) the concealment of a material fact; (2)

10

the concealment was intended to induce a false belief, under the circumstances creating a duty to speak…;(3 ) the innocent party could not have discovered the truth through a reasonable inquiry, or was prevented from making a reasonable inquiry; (4) the concealed information was such that the injured party would have acted differently had they been aware of it; and (5) that reliance led to an injury. *Lefebrve Intergraphics, Inc. v. Sanden Mach. Ltd.,* 946 F.Supp. 1348 (1996). If there is no fiduciary duty, as is the present case, any duty would have to arise from a defendant's silence accompanied by suppression of material facts. *Id.* Here, Pactiv alleges that Perez concealed his job search and/or job offer with Dart while knowing that Pactiv would not engage in the severance negotiations if it believed Perez had employment opportunities and relied on his nondisclosure in making and signing the Agreement. (Dkt. 25, ¶¶33-35). It asserts that he engaged in deceptive conduct and misrepresentation when he continued to negotiate with Pactiv during his final interview stages with Dart. (*Id.; see also* Dkt. 30, 13). While the weight of these allegations will be left to the trier of fact, this Court finds the Amended Complaint now adequately alleges the necessary elements of fraudulent misrepresentation through active concealment.

## Conclusion

For the stated reasons, Pactiv's Motion to Dismiss [27] is denied. Further, this Court declines to award fees or costs.

11

E N T E R:

Dated: September 28, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge